IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WADRICK BOULIGNY, | No. 2:24-CV-2069-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| O. RUIZ, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint, ECF No. 16.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

/ / /

/ / /

1    Moreover, the Federal Rules of Civil Procedure require that complaints contain a
2    ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.
3    Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See
4    McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).
5    These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim
6    and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).
7    Because Plaintiff must allege with at least some degree of particularity overt acts by specific
8    defendants which support the claims, vague and conclusory allegations fail to satisfy this
9    standard. Additionally, it is impossible for the Court to conduct the screening required by law
10   when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

This action proceeds on Plaintiff's first amended complaint.[1] See ECF No. 16, pg. 1. Plaintiff names the following as Defendants: (1) California Department of Corrections and Rehabilitation (CDCR); (2) R. St. Andre, warden; (3) O. Ruiz, correctional officer; and (4) E. Alamillo, correctional officer.[2] See ECF No. 16, pgs. 1-2. Plaintiff presents three claims for relief.

In Claim I, Plaintiff sues CDCR in its official capacity. See id. at 3. Plaintiff alleges his Eighth Amendment rights were violated with cruel and unusual punishment, along with his rights under the Americans with Disabilities Act. See id. Plaintiff contends that CDCR is responsible for all of its employees, including those who execute violations, policies, and procedures. See id. Plaintiff further contends CDCR is liable for enforcement of all federal and state laws. See id. Plaintiff alleges he suffered "extreme and severe fear." Plaintiff says he is still emotional and weak. See id.

///

---

[1] Plaintiff amended his original complaint as of right pursuant to Federal Rule of Civil Procedure 15.

[2] CDCR and St. Andre were not named in the original complaint.

1    In Claim II, Plaintiff sues Defendants Ruiz and Alamillo in their official and
2 personal capacities. See id. at 5. Plaintiff alleges his Eighth Amendment rights were violated with
3 cruel and unusual punishment, along with his rights under the Americans with Disabilities Act.
4 See id. Plaintiff recalls being transported by wheelchair to High Desert State Prison (HSDP)
5 Central Triage Center (CTC) on January 26, 2024. See id. Plaintiff alleges he is permanently
6 confined to his wheelchair as an "A.D.A., Plata v. Newsom, & Armstrong class member." Id.
7 While Plaintiff was being transported, he asked Defendants Ruiz and Alamillo if his wheelchair
8 would be secured. See id. To that, Plaintiff alleges Defendant Ruiz replied by saying, "we are just
9 going around the corner to CTC, so there is no reason to secure you." Id. Plaintiff alleges he
10 suffered physically and emotionally, and still suffers to this day. See id.
11    In Claim III, Plaintiff alleges Defendants Ruiz and Alamillo had a constitutional
12 obligation to secure Plaintiff and his wheelchair as custodians of Plaintiff's life, person, and
13 liberty. See id. at 6. Plaintiff alleges Defendants Ruiz and Alamillo knowingly made a choice "to
14 ignore policy & procedure & training" by refusing to secure Plaintiff's wheelchair when being
15 transported on prison grounds in a HDSP/CDCR transportation vehicle. Id. Plaintiff contends he
16 flipped and slammed into the metal interior of the vehicle due to a turn. See id. at 7. This is
17 allegedly when Plaintiff was rendered unconscious. See id. Plaintiff alleges other inmates yelled
18 for Defendants Ruiz and Alamillo to stop the vehicle. See id. Plaintiff recalls waking up and not
19 being able to feel any sensation in his legs or feet. See id. Plaintiff also could not move his neck.
20 See id.  At this point, Plaintiff contends Defendants Ruiz and Alamillo contacted medical staff
21 called the Lassen County Fire Department. See id. Plaintiff was then airlifted to a medical center
22 in Reno, Nevada. See id.
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

## II.  DISCUSSION

The Court finds that Plaintiff has stated a plausible Eighth Amendment claim against Defendants Ruiz and Alamillo.  However, Plaintiff's complaint suffers other defects.  First, Plaintiff's claim against Defendant CDCR cannot proceed because CDCR is immune under the Eleventh Amendment.  Second, Plaintiff failed to allege any facts to show Defendant St. Andre's causal role in the alleged constitutional deprivation.

### A.    **Eleventh Amendment Immunity – Defendant CDCR**

The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states.  See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  This prohibition extends to suits against states themselves, and to suits against state agencies.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment.  See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc).

Here, Plaintiff asserts liability against CDCR.  Because CDCR is the state's agency responsible for corrections and incarceration, it is immune from suit and should be dismissed with prejudice.

### B.    **Supervisory Liability – Defendant St. Andre**

Supervisory personnel are generally not liable under § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations.  See id.  Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may be liable even where such personnel do not overtly participate in the offensive act.  See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).  A supervisory defendant may also be liable where he or she knew of constitutional violations but failed to act to prevent them.  See

Taylor, 880 F.2d at 1045; see also Starr v. Baca, 633 F.3d 1191, 1209 (9th Cir. 2011).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

In this case, Plaintiff asserts liability against Defendant St. Andre in a supervisory capacity as the prison warden. Plaintiff, however, fails to provide any facts to show how Defendant St. Andre's actions resulted in a violation of Plaintiff's constitutional rights. More specifically, Defendant St. Andre is not mentioned at all in the amended complaint except in the caption where he is named as a defendant. Plaintiff will be provided leave to amend to allege specific facts as to Defendant St. Andre's personal involvement.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, except as to Defendant CDCR, which is immune from suit as explained above, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

/ / /

/ / /

/ / /

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a second amended complaint within 30 days of the date of service of this order.

Dated: July 2, 2025

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE