**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

WADRICK BOULIGNY,

        Plaintiff,

    v.

O. RUIZ, et al.,

        Defendants.

No.  2:24-CV-2069-DMC-P

ORDER

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion for the appointment of counsel, ECF No. 36.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.

1

In Terrell, the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances.  Plaintiff argues that appointment of counsel is warranted because he is indigent, he is incarcerated, he has limited access to the prison law library, he is untrained in the law, and trial will likely involve conflicting testimony.  The Court finds that these are the typical circumstances of prisoners litigating in federal court and are not the exceptional circumstances justifying appointment of volunteer counsel.  Further, at this stage of the proceedings before any discovery has been conducted, the Court cannot say that Plaintiff has established any particular likelihood of success on the merits.  Finally, a review of the docket reflects that Plaintiff has been able to articulate cognizable claims on his own.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of counsel, ECF No. 36, is denied.

Dated:  February 9, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

2